UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLARD JEREMY NOBLE, #374042,

        Petitioner,

v.
        CASE NO. 2:16-CV-13794
        HONORABLE VICTORIA A. ROBERTS

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION FOR CAUSE AND ENTITLEMENT TO EQUITABLE TOLLING, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Willard Jeremy Noble ("Petitioner") pleaded guilty to four counts of first-degree criminal sexual conduct in the Washtenaw County Circuit Court and was sentenced to concurrent terms of 17 ½ to 40 years imprisonment pursuant to a plea agreement in 2001. In his pleadings, Petitioner raises claims concerning the effectiveness of appellate counsel and the validity of his plea.

On January 26, 2016, the Court ordered Petitioner to show cause why this case should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. In response, Petitioner filed a Motion for Cause and Entitlement to Equitable Tolling with a supporting brief asserting that he is entitled to equitable tolling of the one-year period due to a lack of legal representation, mental health issues, and actual innocence.

After further review, the Court concludes that the Petition is untimely and must be dismissed, and that Petitioner's Motion must be denied. The Court also concludes that a Certificate of

Appealability and leave to proceed in forma pauperis on appeal must be denied.

## II. Procedural History

Petitioner states that he tendered his guilty plea on July 25, 2001. He moved to withdraw his plea at the time of sentencing, but the trial court denied the motion and sentenced him on September 27, 2001. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Noble*, No. 243237 (Mich. Ct. App. Sept. 24, 2002). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Noble*, 468 Mich. 857, 658 N.W.2d 488 (Feb. 28, 2003).

Petitioner filed a motion for relief from judgment with the state trial court on July 31, 2014. *See* Register of Actions, Nos. 01-592-FC, 01-689-FC (Washtenaw Co. Cir. Ct.). The trial court denied the motion, stating that "it is plainly apparent that Defendant is not entitled to the relief sought." *People v. Noble*, Nos. 01-592-FC, 01-689-FC (Washtenaw Co. Cir. Ct. Sept. 29, 2014) (opinion attached to Petition). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failing "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Noble*, No. 324738 (Mich. Ct. App. Jan. 21, 2015). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Noble*, 499 Mich. 854, 873 N.W.2d 561 (Feb. 2, 2016).

The Petition before the Court is dated October 6, 2016. The Court ordered Petitioner to show cause regarding the timeliness of this case.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The

statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on February 28, 2003. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about May 29, 2003. Accordingly,

Petitioner was required to file a federal habeas petition by May 29, 2004, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court in July, 2014. Thus, the one-year period expired well before Petitioner sought post-conviction collateral review in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date the instant Petition until October 6, 2016 – long after the one-year period expired. His habeas case is untimely and subject to dismissal.

Petitioner does not assert that the State created an impediment to the filing of his habeas case or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. He is thus not entitled to statutory tolling of the one-year period. His Habeas Petition is also untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden to demonstrate that he or she is entitled to equitable tolling.

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner first asserts that he is entitled to equitable tolling because he has been without legal representation since September, 2002. Pet. Mot., p. 4. The fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner also asserts that he is entitled to equitable tolling because he suffers from mental illness "which at times has required the prescribing and taking of very strong medications." Pet. Mot., p. 4. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he or she was mentally incompetent and that his or her mental impairment was the cause for the late filing. *Id*.;

*Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner makes no such showing. While the documents and medical records attached to his Petition and Motion indicate that he has (or had) some mental health issues, they do not indicate that he was mentally incompetent during the relevant time period. Similarly, while the records indicate that Petitioner took psychiatric medication at some point in time, they do not indicate that the medications were necessary for him to be competent, nor do they indicate that his mental health status or any medication issues impaired his ability to pursue legal proceedings on his own or to understand the need for assistance, to secure assistance, or to cooperate with any assistance. The records simply do not support Petitioner's assertion that his mental health condition or the effects of medication were so severe during the relevant time period in 2003-2004 that he was unable to pursue state court remedies or seek federal habeas relief in a timely manner. Moreover, "speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008). Petitioner fails to establish that his mental health condition and/or any medication warrant equitable tolling of the one-year period.

Furthermore, Petitioner fails to show that he acted diligently in seeking collateral review in the state courts or in seeking habeas relief in federal court. He filed his state court motion for relief

from judgment 11 years after his convictions became final (10 years after the one-year limitations period expired) and filed his federal Habeas Petition eight months after the Michigan Supreme Court denied leave to appeal. Petitioner fails to explain why he did not act with more diligence in pursuing his rights and fails to establish that the extended delay in seeking habeas relief arose from circumstances beyond his control. Consequently, he is not entitled to equitable tolling. *See, e.g., Alexander v. Scutt*, No. 11-CV-13841, 2013 WL 1314943, *4 (E.D. Mich. March 29, 2013) (ruling that petitioner was not entitled to equitable tolling based upon trial court's failure to timely appoint appellate counsel because 11-month delay between conclusion of state post-conviction proceedings and filing of habeas petition showed lack of diligence and citing *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003)). Petitioner is not entitled to equitable tolling under *Holland*.

Lastly, Petitioner asserts that he is entitled to equitable tolling based upon actual innocence. Pet. Brf., p. 3. Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit hold that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court

authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner fails to establish his actual innocence under these standards. His argument that his habeas claims have merit and that his plea is invalid do not establish actual innocence. *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). His own self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim. A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Furthermore, Petitioner's guilty plea belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner is not entitled to equitable tolling based upon actual innocence. His Habeas Petition is therefore untimely and must be dismissed.

## IV. Conclusion

The Habeas Petition is untimely; Petitioner is not entitled to tolling of the one-year limitations period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus. Given this determination, the Court also **DENIES** Petitioner's Motion for Cause and Entitlement to Equitable Tolling.

Before Petitioner may appeal this decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner

demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the Habeas Petition is untimely debatable. Accordingly, the Court **DENIES** a COA. The Court further concludes that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**


S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2017